UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| FRANKIE MILLER, | ) | |
|---|---|---|
| Petitioner, | ) | |
| VS. | ) | No. 16-1213-JDT-egb |
| | ) | Crim. No. 05-10056-JDT-2 |
| MYRON L. BATTS, Warden, | ) | |
| Respondent. | ) | |

ORDER DENYING HABEAS PETITION PURSUANT TO 28 U.S.C. § 2241,
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

Frankie Miller, who was, at the time, an inmate at the Federal Correctional Institution in Memphis, Tennessee,[1] filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) For the following reasons, the § 2241 petition will be denied.

On July 18, 2005, a federal grand jury returned a three-count indictment against Miller and two co-defendants. (No. 05-10056, Crim. ECF No. 1.) Miller was charged in count two with possession of firearms after conviction of a felony, in violation of 18 U.S.C. § 922(g). Miller and a co-defendant were charged in count three with knowingly

---

[1] It appears from the Bureau of Prisons Inmate Locator that Miller may now be at a residential reentry center, or halfway house, in Nashville, Tennessee. *See* https://www.bop.gov/inmateloc/.

possessing and receiving stolen firearms, in violation of 18 U.S.C. §§ 922(j) and 924(a). On October 6, 2005, Miller entered a plea of guilty to both counts two and three. (*Id.* Crim. ECF Nos. 59 & 61.) At a hearing on February 17, 2006, the Court determined that Miller was subject to an enhanced sentence under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(1), and sentenced him to a 180-month term of imprisonment and a five-year period of supervised release. (No. 05-10056, Crim. ECF No. 97.) Miller appealed, and the Sixth Circuit Court of Appeals affirmed. *United States v. Miller*, 246 F. App'x 369 (6th Cir. 2007), *cert. denied*, 552 U.S. 1126 (2008).

Miller filed a timely motion pursuant to 28 U.S.C. § 2255 on August 6, 2008, which ultimately was denied as to all issues. *Miller v. United States*, No. 08-1191-JDT-egb (W.D. Tenn. May 23, 2011). Miller did not file an appeal.

Miller filed the present § 2241 petition on July 22, 2016, challenging his ACCA-enhanced sentence based on the decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). In *Johnson*, the Supreme Court held the "residual clause" of the ACCA is unconstitutionally vague and that increasing a defendant's sentence under the clause is, therefore, a denial of due process. *Id.* at 2563. In this § 2241 petition, Miller contends that he no longer qualifies as an armed career criminal because all three of the prior convictions used to enhance his sentence are invalid under the ACCA's residual clause.

On October 25, 2016, the Sixth Circuit docketed Miller's motion for leave to file a second or successive § 2255 motion, in which he also sought leave to raise a claim based

on *Johnson*.[2] The Sixth Circuit denied leave to file the successive § 2255 motion. *In re Miller*, No. 16-6586 (6th Cir. Mar. 22, 2017).

Federal prisoners may obtain habeas corpus relief pursuant to 28 U.S.C. § 2241 only under limited circumstances. The "savings clause" in § 2255 provides as follows:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

> Construing this language, courts have uniformly held that claims asserted by federal prisoners that seek to challenge their convictions or imposition of their sentences shall be filed . . . under 28 U.S.C. § 2255, and that claims seeking to challenge the execution or manner in which the sentence is served shall be filed . . . under 28 U.S.C. § 2241.

*Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999) (per curiam) (citations omitted). Therefore, habeas relief under § 2241 is not available unless relief under § 2255 is inadequate or ineffective. Miller carries the burden of demonstrating that the savings clause applies. *Id.* at 756.

The Sixth Circuit has construed the savings clause narrowly: "Significantly, the § 2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already been denied, or because the petitioner is procedurally barred from pursuing relief under § 2255, or because the petitioner has been denied permission to file a second or

---

[2] In that motion to file a successive § 2255, Miller sought to challenge only his prior conviction for arson under Tennessee Code Annotated § 39-14-303.

3

successive motion to vacate." *Id.* (citations omitted). After its decision in *Charles*, the Sixth Circuit reemphasized the narrow scope of the savings clause:

> The circumstances in which § 2255 is inadequate and ineffective are narrow, for to construe § 2241 relief much more liberally than § 2255 relief would defeat the purpose of the restrictions Congress placed on the filing of successive petitions for collateral relief. As we explained in *Charles*, "[t]he remedy afforded under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255."

*United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) (quoting *Charles*, 180 F.3d at 758) (additional citation omitted).

In order to demonstrate that relief under § 2255 is inadequate or ineffective, the petitioner must be claiming that he is "actually innocent" of the crime of which he has been convicted. *Martin v. Perez*, 319 F.3d 799, 804-05 (6th Cir. 2003). "Actual innocence means factual innocence." *Paulino v. United States*, 352 F.3d 1056, 1061 (6th Cir. 2003) (citing *Bousley v. United States*, 523 U.S. 614, 623 (1998)).

Prisoners generally may not use the savings clause to attack the imposition of their sentences, even if the argument is couched in "actual innocence" language. *See Jones v. Castillo*, 489 F. App'x 864, 866 (6th Cir. 2012) (per curiam) ("Jones argues that the exception applies . . . because . . . he is actually innocent of being an armed career criminal. However, he does not argue that he is actually innocent of being a felon in possession of a firearm."); *Hayes v. Holland*, 473 F. App'x 501, 502 (6th Cir. 2012); *Green v. Hemingway*, 67 F. App'x 255, 257 (6th Cir. 2003); *see also Taylor v. Snyder-Norris*, No. 15-CV-59-HRW, 2015 WL 7018450, at *3 (E.D. Ky. Nov. 12, 2015) (holding that a § 2241 petition was not the proper method to raise a *Johnson* claim). In this case, Miller contends only

4

that his prior convictions are invalid under *Johnson*. He does not claim that he is actually innocent of being a felon in possession of firearms or of receiving stolen firearms.

A narrow exception to the general rule that challenges to the imposition of a sentence cannot be brought under § 2241 was recognized in *Hill v. Masters*, 836 F.3d 591 (6th Cir. 2016). In *Hill*, the Sixth Circuit allowed such a challenge if: (1) the petitioner's sentence was imposed under the mandatory pre-*Booker* Sentencing Guidelines, (2) the petitioner is barred from filing a successive § 2255 motion; and (3) "a subsequent, retroactive change in statutory interpretation by the Supreme Court reveals that a previous conviction" is no longer a predicate offense for a sentence enhancement. *Id.* at 599-600. Miller's *Johnson* claim does not fall within that exception because he was sentence post-*Booker*. Moreover, *Johnson* announced a new constitutional rule, not a change in statutory interpretation.[3]

Miller has failed to demonstrate that he should be allowed to invoke the savings clause of § 2255 to obtain relief under § 2241. Therefore, "it appears from the application that the applicant or person detained is not entitled" to any relief. 28 U.S.C. § 2243. An order for the Respondent to show cause need not issue, and the petition is hereby DENIED.

---

[3] The opinion in *Hill* first states that the exception will apply to petitioners who raise claims relying on "(1) a case of statutory interpretation, (2) that is retroactive and could not have been invoked in the initial § 2255 motion, and (3) that the misapplied sentence presents an error sufficiently grave to be deemed a miscarriage of justice or a fundamental defect." 835 F.3d at 595. However, at the end of the opinion, the even narrower statement of the exception cited above is also specifically set out. *Id.* at 599-600. Some courts have considered the first, broader statement to be the actual holding of the case. *See, e.g., Neuman v. United States*, No. 17-6100, 2018 WL 4520483, at *2 & n.1 (6th Cir. May 21, 2018), *petition for cert. docketed*, (U.S. Oct. 1, 2018) (No. 18-6146). However, Miller's *Johnson* claim does not satisfy either formulation of the standard.

Federal prisoners who file § 2241 petitions are not required to obtain certificates of appealability under 28 U.S.C. § 2253(c)(1). *Durham v. United States Parole Comm'n*, 306 F. App'x 225, 229 (6th Cir. 2009). However, it is CERTIFIED, pursuant to Federal Rule of Appellate Procedure 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal *in forma pauperis* is DENIED. Therefore, if Miller files a notice of appeal, he must either pay the entire $505 appellate filing fee or file a motion to appeal *in forma pauperis* in the Sixth Circuit. *See* Fed. R. App. P. 24(a)(4)-(5).

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE